CHARLES J. SCHUCK, Judge.
Claimant, a corporation, dealing in women’s dress goods and having a store or place of business at 342 West Main street in the city of Clarksburg, West Virginia, asserts its claim against the said state road commission for damages in the amount of $110.37 resulting from having two plate glass windows in its storeroom, at the aforesaid address, shattered and broken by loose stones flying or being propelled against the said windows by passing automobiles; which said stones it is alleged were negligently left on the highway'in front of claimant’s store by the said road commission at the time that changes or repairs were being made to the said highway. The testimony shows, agreed to by stipulation, that during the month of February, 1943, the said state road commission, by and through its agents, servants and employees was engaged in the removal and/or replacement of certain streetcar rails then situate on the said West Main street in the said city, part of which rails were immediately in front of the premises where the claimant operates a retail store. That during the said removal or replacement of said rails, the said commission allowed said stones and rocks *398 to remain lying on said street and that thereafter on two occasions, namely on the 8th day of February, and the 10 day of February, 1943, passing automobiles struck and propelled said stones or rocks, hurling them against the said plate glass windows causing them to be shattered and broken and causing the damages aforesaid. Claimant alleges that it was negligence on the part of the state road commission, its agents and servants, to allow the said stones or rocks to remain on the highway in question, at the time and after the improvements and alterations were being made to the said highway and that said negligence was the approximate cause of the accidents in question and consequently liable for damages in the aforesaid amount.
The stipulation sustains claimant’s contention as to the facts. We have heretofore held in claim No. 264, George S. Bassett & Son v. State Road Commission, that under similar circumstances it was negligence on the part of the state road commission to allow the stones or rocks to remain on the highway at the time and after the improvement or change to the highway was being made or had been made, and that after such improvement all rocks and stones should have been removed to prevent any. accident either to those using the highway, passing pedestrians or adjacent property owners. Failure to do so was negligence on the part of the employees or agents of the department involved, for which the state should compensate those suffering damages thereby.
Under all the circumstances and facts as shown we are of the opinion that the claimant is entitled to recover and an award is made accordingly in the amount of one hundred ten dollars and thirty-seven cents ($110.37).